UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AFFILIATED HEALTH GROUP, LTD., et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITIBANK CORPORATION, et al., ) <br> ) <br> Defendants. ) | Hon. Joan Lefkow <br><br> Case No. 1:15-CV-06016 |

## DEFENDANTS' MOTION TO DISMISS

Defendants Citibank, N.A. ("Citi"), Bank of America, N.A. ("BOA"), and PNC Bank, N.A. ("PNC") (collectively, the "Defendant Drawee Banks")[1], through their counsel, move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Second Amended Complaint and Jury Demand [DN 24] filed by Plaintiffs Affiliated Health Group, Ltd., American Health Center, Ltd., Dimensions Medical Center, Ltd., Access Health Center, Ltd., ACU Health Center, Ltd., Advantage Health Care, Ltd., Aanchor Health Center, Ltd., Forestview Medical Center, Ltd., Michigan Avenue Center for Health, Ltd., Ace Health Center, Ltd., Center For Family Health Care, SC, Vijay L. Goyal, MD, and Vinod K. Goyal, MD ("Plaintiffs"). In support of their Motion to Dismiss, the Defendant Drawee Banks state the following:

1. Plaintiffs filed their Second Amended Complaint and Jury Demand (the "SAC") on September 22, 2015. (*See, generally,* SAC [DN 24]).

2. The SAC asserts 91 separate claims for relief against the Defendant Drawee Banks relating to insurance reimbursement checks payable to Plaintiffs that Plaintiffs' bookkeeper allegedly stole, fraudulently indorsed, and deposited into her personal bank accounts

---

[1] In their previous complaints, Plaintiffs named incorrect banking entities as defendants. In their Second Amended Complaint, Plaintiffs corrected their error and changed the named defendants to the correct banking entities.

- 2 -

at non-parties Devon Bank and TCF Bank (the "Depository Banks"). Plaintiffs seek to shift the loss from their bookkeeper's fraud to the Defendant Drawee Banks by alleging they wrongfully paid the checks when the Depository Banks presented them for payment in the normal check collection and payment process.

3. The length of Plaintiffs' Second Amended Complaint is deceiving, as the 91 counts are cut and paste copies of the same three claims asserted by each Plaintiff against the Defendant Drawee Banks: (1) check conversion under Article 3-420 of the Uniform Commercial Code ("UCC") (codified in Illinois at 810 ILCS 5/3-420), (2) common law negligence, and (3) common law breach of fiduciary duty against Citi only. These claims are fatally defective and should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for several reasons.

4. Regarding the UCC conversion claims, the vast majority of the checks are barred by a UCC three-year statute of limitations with no discovery rule. *See* 810 ILCS 5/3-118(g); *Hawkins v. Nalick*, 975 N.E.2d 793 (Ill. App. 5th Dist. 2012), *appeal denied*, 981 N.E.2d 996 (Ill. 2012); *Kidney Cancer Ass'n v. North Shore Community Bank & Trust Co.*, 869 N.E.2d 186 (Ill. App. 1st Dist. 2007); *Haddad's of Illinois, Inc. v. Credit Union 1 Credit Union*, 678 N.E.2d 322 (Ill. App. 4th Dist. 1997); *see also Rodrigue v. Olin Emps. Credit Union*, 406 F.3d 434 (7th Cir. 2005); *Kaplan v. JPMorgan Chase Bank, N.A.*, No. 14 C 5720, 2015 WL 2358240 (N.D. Ill. May 12, 2015). Plaintiffs filed their initial Complaint on July 8, 2015, and so any claims for checks paid by the Defendant Drawee Banks prior to July 8, 2012 are time-barred.

5. For those limited checks paid within the limitations period (i.e., after July 8, 2012), there is no conversion claim because the indorsements are effective under the UCC's "Responsible Employee" risk of loss allocation rule. *See* 810 ILCS 5/3-405(b). Defendant Drawee Banks had no duty, as a matter of law, to review payee indorsements on checks received

from the Depository Banks. *See Guardian Life Ins. Co. v. Weisman*, 223 F.3d 229, 233 (3rd Cir. 2000); *Concord Servicing Corp. v. JPMorgan Chase Bank, N.A.*, No. CV-12-00438, 2014 WL 2865557, *6-7 (D. Ariz. June 24, 2014); *Distributor Label Products, Inc. v. Fleet Nat. Bank*, 950 A.2d 939, 943 (N.J. Sup. 2008); Barkley Clark & Barbara Clark, *Law of Bank Deposits, Collections, & Credit Cards*, Vol. 2, § 10.06[3] (2015).

6. Plaintiffs common law negligence claims fail and should be dismissed because they are displaced by the UCC, and barred by Illinois' economic loss rule. Plaintiffs cannot circumvent the UCC statute of limitations by asserting claims for common law negligence claims. *See Sterling Fire Restoration, Ltd. v. Wachovia Bank, N.A.*, No. 12 C 3530, 2012 WL 4932845 (N.D. Ill. October 16, 2012); *P.M.F. Services, Inc. v. Grady*, 681 F.Supp. 549, 560 (N.D. Ill. 1988); *Euro Motors, Inc. v. Southwest Financial Bank and Trust Co.*, 696 N.E.2d 711, 716 (Ill. App. 1st Dist. 1998); *Travelers Cas. & Sur. Co. of Am., Inc. v. Nw. Mut. Life Ins. Co.*, 480 F.3d 499, 505 (7th Cir. 2007). Even if the negligence claims were allowed, the Defendant Drawee Banks do not, as a matter of law, owe a duty of care to Plaintiffs, who were not their customers with respect to the checks. *See P.M.F. Services, Inc.*, 681 F.Supp. at 560; *Crawford Supply Group, Inc.*, 2010 WL 320299, at *7; *Conder v. Union Planters Bank, N. Am.*, 384 F.3d 397, 399 (7th Cir. 2004).

7. Plaintiffs' newly added breach of fiduciary duty claims against Citi should be dismissed because it is well established in Illinois, and virtually everywhere, that "[a] fiduciary relationship does not exist as a matter of law between a bank and its depositors. Rather, the relationship is simply that of debtor-creditor." *Johnson v. Edwardsville Nat. Bank and Trust*, 594 N.E.2d 342, 345 (Ill. App. 5th Dist. 1992); *see RBS Citizens, N.A. v. Sanyou Import, Inc.*, No. 11 C 1820, 2011 WL 2712744 *3 (N.D. Ill. July 13, 2011); *Dvore v. Casmay*, No. 06-CV-

3076, 2008 WL 4427467 (N.D. Ill. Sept. 29, 2008). Further, like their negligence claims, Plaintiffs' common law breach of fiduciary duty claims are displaced by the UCC. Plaintiffs' only alleged breach with respect to Citi is Citi's payment of the improperly indorsed checks, and UCC provides the exclusive remedy against a bank that is alleged to have wrongfully paid checks.

8. The foregoing arguments are based on well-established law in Illinois, the Seventh Circuit, this Court, and virtually everywhere for that matter. Plaintiffs are well aware of the problems with their Second Amended Complaint. In October, 2013, Plaintiffs filed a nearly identical lawsuit against the Depository Banks (Devon Bank and TCF Bank) in Illinois state court. The state court granted the Depository Banks' motions to dismiss on some of the same grounds asserted here by Defendant Drawee Banks.

9. This prior state court case is significant because this Court and others hold that by suing the Depository Banks, Plaintiffs ratified the Defendant Drawee Banks' payment of the check proceeds to the Depository Banks, and thus are estopped from bringing suit against the Defendant Drawee Banks for the same checks. *See P.M.F. Services, Inc. v. Grady,* 698 F. Supp. 141, 143 (N.D. Ill. 1988) (applying Illinois law); *see also Whalen v. Chase Manhattan Bank, N.A.*, No. 99 Civ. 11161, 2000 WL 1801839 (S.D.N.Y. Dec. 7, 2000); *Resh v. Connecticut Nat'l Bank*, 89 F.3d 598, 600 (9th Cir. 1996). The ratification by suit doctrine applies here to bar Plaintiffs' attempt to circumvent the state court decision, and is yet another reason why Plaintiffs' Complaint should be dismissed. Plaintiffs are not entitled, as a matter of law, to a second bite at the apple.

10. In further support of this Motion, the Defendant Drawee Banks incorporate herein their contemporaneously filed Memorandum of Law in Support of Defendants' Motion to Dismiss.

11. The Defendant Drawee Banks also incorporate herein Exhibits 1-4, which are certified copies of pleadings and orders from the prior state court case. The Defendant Drawee Banks respectfully request that the Court take judicial notice of these public records in considering this Motion to Dismiss. *See Massuda v. Panda Exp., Inc.*, No. 12 C 9683, 2013 WL 3754837, *5 n.3 (N.D.Ill. July 16, 2013) ("The Court may take judicial notice of a filing in another suit without converting a motion to dismiss into a motion for summary judgment."), *citing Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

For relief, Citibank, N.A., Bank of America, N.A. and PNC Bank, N.A. respectfully request that this Court enter an order granting Defendants' Motion and dismissing Plaintiffs' Second Amended Complaint and Jury Demand [DN 24] with prejudice, and such further relief as is appropriate.

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ Todd. A. Rowden
    Todd A. Rowden, #6201929
    55 East Monroe Street
    37th Floor
    Chicago, Illinois 60603
    312-346-7500
    FAX 312-580-2201
    trowden@thompsoncoburn.com

    Matthew J. Landwehr, #6280426
    David M. Mangian, #6301867
    One US Bank Plaza
    St. Louis, Missouri 63101
    314-552-6000
    FAX 314-552-7000
    mlandwehr@thompsoncoburn.com
    dmangian@thompsoncoburn.com

*Attorneys for Defendants Citibank, N.A., Bank of America, N.A., PNC Bank, N.A.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court to be served via operation of the Court's electronic filing system this 30th day of September, 2015, upon all counsel of record.

    /s/ Todd A. Rowden

6231307.3

- 6 -